NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MARY JURAS, PETITIONER, v. EASTERN BUILDERS COM-
PANY, INCORPORATED, RESPONDENT.

For the petitioner, *Samuel Press*.

For the respondent, *Raymond E. Taylor*.

\*    \*    \*    \*    \*    \*    \*

1. That Matthew Juras, the deceased, was on the 13th day of April, 1927, in the employ of Eastern Builders Company, Incorporated, which employment was subject to the compensation section of chapter 95, laws of New Jersey, 1911, and supplements thereto.

2. That on the above-mentioned date, Matthew Juras, deceased, met with an accident arising out of and in the course of the said employment.

3. That the respondent herein had knowledge of said accident within the time prescribed by law.

4. That on the 13th day of April, 1927, Matthew Juras, deceased, was working as a mason's helper, carrying bricks to the masons, when he tripped over something, fell off the plank on which he was walking, falling a distance of five to eight feet, and striking the back of his head against a large stone, injuring his head, body and hand. He was picked up in a dazed condition by two fellow-workmen, placed in a motor truck, and taken by them to the Irvington General Hospital, where he was given emergency treatment for the head wound, and taken again by his fellow-workmen back to the job, where the injured man's clothing were picked up, put upon the truck, where he, the injured man was, and from

there assisted to his home, and upon reaching there, put to bed. During the entire trip from the place of injury to the hospital, back to the place where he was working and to his home, he was assisted by two men. The deceased was absolutely in a helpless condition, semi-conscious, dazed and "dopey," as the hospital doctor characterized it. The accident occurred towards the close of the day's work, between four-thirty and four-forty-five o'clock. From that time on, deceased did not return to work. He went into a steady decline, death taking place at the Newark City Hospital, April 26th, following the accident. An autopsy performed upon the deceased disclosed pneumococcus meningitis, laceration and hematoma of scalp. It was the opinion of the medical examiner making the autopsy that death was produced and caused by the injury sustained by decedent April 13th, 1927. There was other testimony both from the family and fellow-workmen to the effect that up to the time of the accident, the decedent was quite well, and it is significant that he had never lost any time from illness, and for many years had not required the services of a physician.

From all the testimony in the case the finding is justified that death in this case was in fact the result of the injury sustained April 13th, 1927, and was by accident within the meaning of the Workmen's Compensation act. And I so find.

5. That as a result of said accident, Matthew Juras died April 26th, 1927.

6. That decedent was forty-seven years of age, and left him surviving his widow, Mary, born February 27th, 1888, and the following children: John, born November 20th, 1905; Mary, born September 3d, 1908; Susan, born September 14th, 1910; Mildred, born January 23d, 1912; Matthew, born January 23d, 1914, and Peter, born June 29th, 1920.

7. That the wages of the decedent were at the time of the accident $46.75 per week.

8. That the petitioner expended the sum of $8 for medical treatment for deceased, besides funeral expenses in an amount above $150.

9. That to provide the necessary medical testimony in and about the proof of her claim for compensation, petitioner is

entitled to be paid the sum of $150 by respondent, said expense having been incurred by petitioner.

10. That the said survivors of Matthew Juras as set forth in paragraph 6, namely, Mary Juras, widow, and children under sixteen years of age, as follows: Mildred, Matthew and Peter, were entirely dependent for support upon deceased, and were dependents within the meaning of the Workmen's Compensation act, and amendments thereto, and that deceased contributed his entire earnings to the support of his family, who were actually a part of his household at the time of his death.

11. That the said Mary Juras, Mildred, Matthew and Peter are entitled to compensation in the sum of $17 per week from the 26th day of April, 1927, and for a period of three hundred weeks thereafter, being a sum of $5,100, at which time the remaining dependent under sixteen years of age will be the son Peter Juras.

12. That at and after said period of three hundred weeks, the said Peter Juras shall be paid compensation at the rate of thirty-five percentum of the wages of the decedent, $46.75 per week, or $16.36 per week, and for a period of one hundred and eighty weeks, or a sum of $2,944.80, at the end of which time the dependency of the said Peter Juras stops.

That all compensation payments to be made as ordered shall be paid to Mary Juras, widow of deceased, and mother of the aforementioned children, on behalf of herself and dependents.

13. That Samuel Press, attorney for the above-named petitioner, be allowed a fee of $500, $250 by petitioner; $250 to be paid by respondent, it appearing that petitioner was forced to file a formal petition for compensation in the within stated cause, due to the refusal of the respondent to pay compensation to the dependents of deceased upon request by them so to do.

14. Petitioner is entitled to costs in this proceeding in the sum of $10, being petitioner's half of the stenographer's fees.

\*         \*         \*         \*         \*         \*         \*

HARRY J. GOAS,
*Deputy Commissioner.*